UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBIN RODDY,                               Case No. 1:06-cv-673

    Plaintiff,                               Barrett, J.
                                                Black, M.J.

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security appeal brought pursuant to 42 U.S.C. § 405(g). At issue is whether the administrative law judge ("ALJ") erred in finding that plaintiff was not entitled to Supplemental Security Income ("SSI"). (*See* Administrative Transcript ("Tr.") (Tr. at 15-22) (ALJ's decision)).

**I.**

Plaintiff filed an application for a SSI on February 3, 2003, alleging disability due to diabetes, knee pain, obesity, shortness of breach, and status-post three ankle fractures. (Tr. 28, 82-87.) Her application was denied initially and on reconsideration. Plaintiff then requested a hearing *de novo* before an ALJ. An evidentiary hearing, at which plaintiff was represented by counsel, was held on March 21, 2005 (Tr. 415-450.)

On June 15, 2005, the ALJ entered his decision denying plaintiff's claim. (Tr. 33-39). Plaintiff appealed, and the Appeals Council remanded the case on November 2,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

2005, for further proceedings. (Tr. 68-70.). A second evidentiary hearing, at which plaintiff was represented by counsel, was held on March 16, 2006. (Tr. 451-482.)

On June 26, 2006, the ALJ entered another decision denying plaintiff's claim. That decision stands as defendant's final determination consequent to denial of review by the Appeals Council on September 19, 2006. (Tr. 8-11.)

The ALJ's "Findings," which represent the rationale of the decision, were as follows:

1. The claimant has not engaged in substantial gainful activity at any time relevant to this decision.

2. The claimant's lumbar degenerative disc disease, degenerative joint disease of the right knee, bone spur on the left foot, obesity, and sleep apnea are considered "severe" impairments based on the requirements in the Regulations 20 CFR § 416.920 (c).

3. These medically determinable impairments do not meet or equal, either singularly or in combination, any of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The undersigned found the claimant's testimony to be partially credible but not fully credible for the reasons set forth in the body of the decision.

5. The claimant has the following residual functional capacity: due to pain from her foot spur and degenerative joint disease of the right knee, she is limited to standing and walking two hours in and eight hour day at intervals of no more than 15 minutes each hour. She has no limitations on sitting. As manipulating heavy weight may exacerbate back pain from her mild degenerative disc disease and knee pain from her degenerative disc disease, she is limited to lifting, carrying, pushing or pulling 20 pounds occasionally and 10 pounds frequently. She cannot balance, crouch, kneel or crawl as such postural activities may exacerbate her knee impairment. In addition,

        due to instability caused by her knee impairment, she should not work around hazards such as unprotected heights or unguarded moving machinery. Due to fatigue and potential concentration problems caused by sleep apnea, she can perform work involving only simple, repetitive work tasks and understanding and carrying out only simple instructions.

6.     The claimant has no past relevant work (20 CFR § 416.965.)

7.     The claimant is a "younger individual" (20 CFR § 416.963.)

8.     The claimant has "a limited education" (20 CFR § 416.964.)

9.     Although the claimant's exertional limitations do not allow her to perform the full range of sedentary work, using Medical-Vocational Rule 201.18 as a framework for decision-making, there are a significant number of jobs in the national economy that she could perform. Examples of such jobs are sedentary unskilled bench assembler (1.8 million nationally, 3,600 locally), inspector (300,000 nationally, 1,800 locally), and surveillance system monitor (38,000 nationally, 450 locally).

10.    The claimant was not under a "disability," as defined in the Social Security Act at any time through the date of this decision (20 CFR § 416.920 (g)).

(Tr. 21--22.)

In summary, the ALJ concluded that plaintiff was not under a disability as defined by the Social Security Regulations and was therefore not entitled to SSI.

On appeal, plaintiff maintains that: (1) the ALJ erred in weighing the medical evidence; (2) the ALJ failed to give goods reasons for rejecting the opinion of plaintiff's treating physician; (3) the ALJ erred in evaluating plaintiff pain, credibility, and subjective complaints; and (4) the ALJ committed various vocational errors. Each argument will be addressed in turn.

**II.**

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).

Upon consideration of an application for disability benefits, the ALJ is guided by a sequential benefits analysis, which works as follows: At Step 1, the ALJ asks if the claimant is still performing substantial gainful activity; at Step 2, the ALJ determines if one or more of the claimant's impairments are "severe;" at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the ALJ determines whether or not the claimant can still perform her past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the ALJ – the ALJ determines, once it is established that the claimant

4

can no longer perform her past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Gwizdala v. Commissioner of Soc. Sec.,* No. 98-1525, 1999 WL 777534, at *2 n.1 (6th Cir. Sept. 16, 1999) (*per curiam*). If the ALJ determines at Step 4 that the claimant can perform her past relevant work, the ALJ need not complete the sequential analysis. *See* 20 C.F.R. § 404.1520(a). However, if the ALJ errs in finding that the claimant can perform her past relevant work, the matter should be remanded for further consideration under Step 5. *See Lauer v. Bowen*, 818 F.2d 636, 641 (7th Cir. 1987).

The claimant bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). That is, she must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

### A.

For her first two assignments of error, plaintiff maintains that the ALJ erred in affording the most weight to the opinion of Dr. Lorber, an orthopedic specialist and a non-examining medical advisor, instead of giving deference to the opinion of Dr. Khan, plaintiff's treatment physician. Plaintiff further asserts that the ALJ erred in failing to give "good reasons" for rejecting Dr. Khan's disability finding. Plaintiff's assertions are unavailing.

An ALJ must give the opinion of a treating source controlling weight if he or she

5

finds that the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Commissioner of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). Deference is due, however, only when the physician supplies sufficient medical data to substantiate his diagnosis and opinion. *Giddings v. Richardson,* 480 F.2d 652, 656 (6th Cir. 1976). Mere diagnosis of a condition is not indicative of a disabling functional debilitation. *See Varley v. Secretary of Health & Human Servs.,* 820 F.2d 777, 780 (6th Cir. 1987).

The ALJ must provide "specific reasons for the weight given to a treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson,* 378 F.3d at 544 (citing Soc. Sec. Rul. 96-2p). Nonetheless, the ultimate determination of whether a claimant is "disabled" rests with the Commissioner, and not with the treating physician. *See* Soc. Sec. Ruling 96-5p; *see also Varley,* 820 F.2d at 780.

Here, in October 2004, Dr. Khan completed a form for Hamilton County Job and Family Services, wherein she indicated that plaintiff was unable to work due to hypertension, diabetes, and low back pain; she wrote that plaintiff's disability began one year prior thereto and that her inability to work was expected to last indefinitely. (Tr. 354).

Additionally, in April 2005, Dr. Khan completed a "Medical Assessment of Ability To Do Work- Related Activities (Physical)" form (Tr. 356-58). She found that

6

plaintiff could only lift five to seven pounds, perform minimal standing, walking, and sitting, could never climb, stoop, kneel, crouch, or crawl, and could only perform limited reaching, pushing, and pulling. (Tr. 356-58).

In his decision, however, the ALJ gave little weight to Dr. Khan's assessments finding that they were not supported by the medical evidence and were based primarily on plaintiff's subjective complaints. (Tr. 19.) The ALJ adopted the functional limitations set forth by Dr. Lorber, who concluded that plaintiff did not have a listing-level impairment. (Tr. 468-69). He further opined that plaintiff could perform sedentary work involving lifting and carrying up to twenty pounds occasionally and ten pounds frequently, no balancing or crawling, and only occasional crouching and stooping. (Tr. 469-70, 472, 475). The ALJ further found that Dr. Lorber discounted the opinion of Dr. Kahn as she is not an orthopedic specialist and her limitations are unsupported.

Plaintiff, however, argues that the ALJ erred in relying on Dr. Lorber's testimony. She points out that Dr. Lorber was an orthopedist, and thus does not treat diabetes or sleep apnea. Yet, Dr. Khan, her treating physician, did not impose any limitations due to her diabetes. (Tr. 356-58). Moreover, the evidence of record clearly indicates that plaintiff's diabetes was controlled with medication (Tr. 17), a finding that plaintiff does not dispute.

Moreover, in his April 2005 assessment, Dr. Khan wrote that plaintiff could not work because of her diagnoses of hypertension, diabetes, and low back pain. (Tr. 354). Yet, plaintiff did not experience any complications from hypertension (Tr. 17), her diabetes was well-controlled with medication (Tr. 17), and her back impairment resulted

7

from only "minimal" and "mild" abnormalities on an MRI study, and examinations generally revealed no neurological abnormalities (Tr. 17, 468). Given this evidence, the ALJ reasonably rejected this conclusory opinion. *See Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) ("[T]he ALJ is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation.") (internal quotation and citation omitted).

Additionally, when asked to identify the medical findings that supported this assessment, Dr. Khan responded that plaintiff had "postural dysfunction with significant myofascial pain" (Tr. 356). At the administrative hearing, Dr. Lorber testified that myofascial pain was a vague term that he did not credit. (Tr. 473-74). While plaintiff alleges that Dr. Lorber was not qualified to treat this condition, he specifically testified that *any* doctor could treat this condition. (Tr. 473-74). In any event, the mere diagnosis of an impairment says nothing about the extent of limitation that an impairment imposes. *See Foster v. Bowen*, 853 F.2d 483, 489 (6th Cir. 1988).

Here, Dr. Lorber thoroughly explained why the objective medical evidence did not support the extreme limitations articulated by Dr. Khan. (Tr. 468-75). It was the ALJ's duty to weigh the opinion evidence, and he reasonably assigned greater weight to the opinion offered by Dr. Lorber.

Additionally, plaintiff's assertion that the ALJ provided numerous "good reasons" for rejecting this opinion is unavailing. As noted above, the ALJ found that Dr. Khan's opinion proved inconsistent with the objective medical evidence. (Tr. 19). While

plaintiff had a back impairment, an MRI study revealed only mild or minimal abnormalities, and she remained neurologically intact. (Tr. 468). An MRI study of plaintiff's knee from June 2003 showed a small tear, and plaintiff eventually underwent surgery in December 2003. (Tr. 227-28, 290-95). By April 2004, plaintiff stated that she had only occasional pain with prolonged standing and that she could walk distances without pain (Tr. 304, 468). X-rays showed only mild degenerative changes. (Tr. 389, 468).

Furthermore, although plaintiff complained of right shoulder pain, x-rays revealed no abnormalities (Tr. 188), and the record did not document abnormal examination findings. (Tr. 469, 473). Given this lack of supporting medical findings, the ALJ reasonably did not credit Dr. Khan's opinion. *See Foster v. Halter*, 279 F.3d 348, 356 (6th Cir. 2001) (ALJ reasonably did not credit treating source opinion that was neither explained nor supported by medical or clinical findings).

Accordingly, the undersigned agrees that Dr. Khan's assessments are not supported by his clinical or laboratory findings and are inconsistent with his own treatment notes. The ALJ clearly articulated his reasoning for the weight assigned to the opinion of Dr. Khan, and the undersigned finds that his decision to given little weight to Dr. Khan disability finding is supported by substantial evidence.

**B**.

For her third assignment of error, plaintiff maintains that the ALJ erred in evaluating her pain, credibility, and subjective complaints. Plaintiff specifically asserts

9

that the ALJ improperly relied on her daily activities, failed to consider plaintiff's use of a cane in her credibility analysis, and improperly evaluated plaintiff's behavior at the hearing. Plaintiff's assertions are unavailing.

When considering a claim for disability based on pain, the Court is guided by the Sixth Circuit's instruction that, initially, there must be objective evidence of an underlying medical condition. *Duncan v. Secretary of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). If such evidence exists, there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition, or the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged disabling pain. *Id.*; *see also Felisky,* 35 F.3d at 1038-39.

Moreover, it is within the discretion of the ALJ - who actually meets with and takes testimony from an individual plaintiff - to evaluate that plaintiff's credibility. As the Sixth Circuit has found: "[i]t is for the [Commissioner], not a reviewing court, to make credibility findings." *Felisky v. Bowen,* 35 F.3d 1027,1036 (6th Cir. 1994); *see also McGuire v. Commissioner of Soc. Sec.,* No. 98-1502, 1999 WL 196508, at *6 (6th Cir. Mar. 25, 1999) (*per curiam*) ("An ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility").

Here, plaintiff cites to her testimony that she is required to lay down during the day to alleviate her pain and could only perform daily activities with help and at her own pace, and therefore claims that her activities do not demonstrate that she could work full-

time. However, plaintiff's testimony contradicts her previous statement that she performed chores by herself. (Tr. 116). Plaintiff also told her doctor that she was independent in her activities of daily living. (Tr. 324). Moreover, plaintiff does not cite to any objective medical evidence and/or clinical findings in support of her assertion that she must lie down intermittently throughout the day.

Thus, the ALJ properly characterized the evidence regarding plaintiff's activities, and it was appropriate for him to consider this factor in making his credibility finding. *See Warner*, 375 F.3d at 392 ("The administrative law judge justifiably considered Warner's ability to conduct daily life activities in the face of his claim of disabling pain.").

Plaintiff further claims that she had to use a cane, but the ALJ did not include this in his RFC finding. Plaintiff's argument is unavailing because all of the jobs identified by the VE accommodated an individual who used a cane. (Tr. 478). Finally, plaintiff claims that the ALJ's observation that she sat at the second administrative hearing for forty minutes constituted a "sit and squirm test," and proved inconsistent with plaintiff's behavior at the first hearing, as she had to stand during the hearing.

Here, the ALJ properly considered his own observations in making a credibility finding. SSR 96-7p; *Buxton*, 246 F.3d at 773 ("The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints."). This was not the only factor that the ALJ considered in reaching his credibility finding. And, the ALJ's conclusion that plaintiff had far greater sitting abilities than she alleged is supported by the opinions of

11

Dr. Lorber and state agency reviewing physicians. (Tr. 230, 253, 474).

As noted above, the issue is not whether the record could support a finding of disability, but rather whether the ALJ's decision is supported by substantial evidence. *See Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). The ALJ properly evaluated Plaintiff's allegations in accordance with controlling law, and he reasonably concluded that they were not fully credible. The ALJ's credibility finding is entitled to deference and thus should be affirmed. *See Jones v. Commissioner of Social Security*, 336 F.3d 469, 476 (6th Cir. 2003) ("Upon review, we are to accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying.").

## C.

For his last assignment of error, plaintiff maintains that the ALJ's hypothetical questions to the vocational expert were improper because they did not include limitations on reaching due to right shoulder impairments, and did not include an inability to stoop. Plaintiff further asserts the hypotheticals did not include a sit/stand option, left out the use of a cane, and did not include frequent bathroom breaks due to plaintiff's diabetes. Plaintiff's arguments are not well-taken.

Contrary to plaintiff's assertion, the hypothetical questions presented to the VE accurately reflected Plaintiff's impairments and limitations as found by the ALJ and as supported by substantial evidence in the record. The ALJ was only required to incorporate into the hypothetical questions those limitations that he had accepted as credible. *See Stanley v. Secretary of Health & Human Servs.,* 39 F.3d 115, 118-19 (6th Cir. 1994). As noted above, the ALJ did not give controlling weight to the opinions of plaintiff's treating physicians that she was disabled because they were inconsistent with the medical evidence of record and plaintiff's own testimony. Furthermore, the ALJ did not find plaintiff's complaints of total disability to be credible. Thus, the ALJ is not obliged to incorporate unsubstantiated complaints. S*ee Hardaway,* 823 F.2d at 927-28.

Here, as outlined above, the ALJ did not find Dr. Khan's reaching limitation to be credible, given the lack of objective medical findings. (Tr. 16). Moreover, Dr. Lorber and state agency reviewing physicians agreed that plaintiff did not have a limitation in her ability to reach. (Tr. 232, 254, 473) Similarly, the ALJ did not find plaintiff's testimony

regarding urinary frequency to be credible due to a lack of objective support in the record. (Tr. 17).

Furthermore, plaintiff's assertion that the ALJ's hypothetical was improper because it did not include an inability to stoop is without merit because most of the jobs identified by the VE did not involve *any* stooping. (Tr. 477-78). *See* U.S. Dep't of Labor, *Dictionary of Occupational Titles* § 726.684–034 (job of semi-conductor assembler involves no stooping), § 706.684-022 (job of small products inspector involves no stooping), § 669.687-014 (job of dowel inspector involves no stooping), § 379.367- 010 (job of surveillance system monitor involves no stooping) (4th ed. 1991).

Plaintiff further points out that she used a cane, but the ALJ did not include this in his hypothetical. The VE, however, specifically testified that the jobs he cited accommodated an individual who used a cane (Tr. 478), and thus plaintiff's argument is without merit.

Lastly, plaintiff contends that the hypothetical question was improper because it did not include Dr. Lorber's restriction that plaintiff had to alternate between sitting and standing. Plaintiff's argument is unavailing because it misstates Dr. Lorber's testimony. Dr. Lorber found that plaintiff could sit for eight hours in an eight-hour workday. (Tr. 474). He later testified that plaintiff should intermittently change positions. (Tr. 475). However, he explained that this change of position was quite minimal, as plaintiff could accomplish it by just moving around at the work site for a minute, or by simply moving her legs back and forth while she was sitting down. (Tr. 475). The ALJ's hypothetical

14

was consistent with this testimony.

Here, as previously discussed, the ALJ's hypothetical question accurately portrayed the limitations supported by the evidence, and the VE's response provided substantial evidence to support the ALJ's finding that plaintiff could perform a significant number of jobs.

For the foregoing reasons, plaintiff's assignments of error are without merit.  The ALJ's decision is supported by substantial evidence and should be affirmed.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The decision of the Commissioner is **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and should be **AFFIRMED.**

2. As no further matters remain pending for the Court's review, this case should be **CLOSED.**

Date: March 3, 2008                                                   s/Timothy S. Black
                                                                      Timothy S. Black
                                                                      United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBIN RODDY,                                          Case No. 1:06-cv-673

       Plaintiff,                                 Barrett, J.
                                                       Black, M.J.

vs.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**NOTICE**

       Attached hereto is the Report and Recommended Decision of the Honorable Timothy S. Black, United States Magistrate Judge. Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).